IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| A.F. of L.-A.G.C. BUILDING TRADES WELFARE PLAN, A.F. of L.-A.G.C. BUILDING TRADES PENSION PLAN, ANDY MILLS, ROBERT LEE BAILEY, JR., ALLEN STEADHAM, TIMOTHY MILLER, ALLEN SMITH, and WAYNE JENNINGS, in their capacities as Trustees of the A.F. of L.-A.G.C. Building Trades Welfare Plan and of the A.F. of L.-A.G.C. Building Trades Pension Plan, and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 653, | |
| Plaintiffs, | CIVIL ACTION: 19-559 |
| v. | |
| K. POWER, INC., a corporation, | |
| Defendant. | |

## COMPLAINT

### Jurisdiction

1.This action arises under §502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

### Parties

2.Plaintiff A.F. of L.- A.G.C. Building Trades Welfare Plan [hereinafter "Welfare Plan"] is a "trust fund" established by collective bargaining pursuant to §302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. §186(c)(5) and (6) for the purposes of providing employee welfare benefits. It is also an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. §102(1) and "multi-employer plan" within the meaning of ERISA, 29 U.S.C.

§1002(37)(A).

3. Plaintiff A.F. of L.- A.G.C. Building Trades Pension Plan [hereinafter "Pension Plan"] is a "trust fund" established by collective bargaining pursuant to §302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. §186(c)(5) and (6) for the purposes of providing employee pension benefits. It is also an "employee pension benefit plan" within the meaning of ERISA, 29 U.S.C. §102(2) and "multi-employer plan" within the meaning of ERISA, 29 U.S.C. §1002(37)(A). [Welfare Plan and Pension Plan are collectively referred to as "the Plans"]

4. Plaintiff Andy Mills is a management Trustee on the Welfare Plan and on the Pension Plan. He is the General Manager of Atlantic Plant Maintenance. Mr. Mills is a "fiduciary" within the meaning of ERISA, 29 U.S.C. §1003(21)(A).

5. Plaintiff Robert Lee Bailey, Jr., is a management Trustee on the Welfare Plan and on the Pension Plan . Mr. Bailey is a Vice President at McAbee Construction, Inc. He is a "fiduciary" within the meaning of ERISA, 29 U.S.C. §1003(21)(A).

6. Plaintiff Allen Steadham, is a union Trustee on the Welfare Plan and on the Pension Plan. He is the Business Manager of the International Union of Operating Engineers Local No. 653 [hereinafter "Operators Union" or "the Union"]. Mr. Steadham is a "fiduciary" within the meaning of ERISA, 29 U.S.C. §1003(21)(A).

7. Plaintiff Timothy Miller is a union Trustee on the Welfare Plan and on the Pension Plan . He is the Business Manager of the International Association of Bridge, Structural and Ornamental Ironworkers Local No. 798 [hereinafter "Ironworkers Union"]. Mr. Miller is a "fiduciary" within the meaning of ERISA, 29 U.S.C. 1003(21)(A).

8. Plaintiff Allen Smith is a management Trustee on the Welfare Plan and on the

Pension Plan.   He is a Director of Industrial Maintenance at Vulcan Industrial Contractors Co., LLC.   Mr. Smith is a "fiduciary" within the meaning of ERISA, 29 U.S.C. §1003(21)(A).

9.      Plaintiff Wayne Jennings, is a union Trustee on the Welfare Plan and on the Pension Plan.   He is the Executive Secretary Treasurer of the Southern States Millwright Regional Council.   Mr. Jennings is a "fiduciary" within the meaning of ERISA, 29 U.S.C. §1003(21)(A).

10.     Plaintiff Operators Union is a labor organizations within the meaning of § 2(5) of the LMRA, 29 U.S.C., §152(5) and, as such, represents certain employees of the Defendant K. Power for purposes of collective bargaining at Defendant K. Power's business.

11.     Defendant, K. Power, Inc. [hereinafter "K. Power"], a corporation, upon information and belief, is a corporation organized under the laws of the State of Alabama.   K. Power is also an "employer" within the meaning of ERISA, 29 U.S.C. §1002(5).

**Nature of the Claim**

12.     This is a proceeding for a declaratory judgment finding that the Defendant K. Power is in violation of the Plans' Plan Documents and ERISA, and in breach of its collective bargaining agreement by failing to produce employment records and comply with the requests by the Plans to participate in a payroll audit as part of the Plans' annual audits by an independent certified accountant.   Plaintiffs also seek a preliminary and permanent injunction requiring the Defendant K. Power to comply with its contractual obligations under the collective bargaining agreement and requiring the Defendant K. Power to submit to an audit of its payroll accounts as required by the collective bargaining agreement, the Plans' Trusts, and ERISA.

**Facts**

13. The Plans are "trust funds" established by collective bargaining pursuant to § 302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. § 186(c)(5) and (6) for the purposes of providing employee welfare and pension benefits to, among others, eligible employees of the Defendant, K. Power, a corporation. The Plans are also "employee welfare and pension benefit plans" within the meaning of ERISA, 29 U.S.C. §§ 1002(1). The Plans are also "multiemployer plans" within the meaning of ERISA, 29 U.S.C. §1002(37)(A). As such, employers and employees are equally represented in the administration of the Plans. Additionally, Plan fiduciaries, like the Trustee Plaintiffs, have an obligation to use reasonable diligence to ensure that the Plans receive all contributions owed to them. This diligence in collections is required by ERISA for several reasons, including prohibiting extensions of credit to employers who fail to make required contributions and reducing the likelihood of other contributing employers from subsidizing the delinquent employers since participants must be awarded credit on the basis of service performed for the employer regardless of whether the employer has made or defaulted on its contributions. The Trustee Plaintiffs must also comply with Section 302(c)(5)(B) of the Labor Management Relations Act requiring that funds held in trust must be subject to an annual audit.

14. At all relevant times herein, K. Power was a signatory to collective bargaining agreements with the Union, and consequently was a contributing employer under the Plans. The current applicable collective bargaining agreement has effective dates of October 1, 2018 through September 30, 2021 [hereinafter "CBA"]. In said collective bargaining agreement, K. Power agreed, among other things, to make health and welfare contributions to the

Welfare Plan and to make pension contributions to the Pension Plan. The CBA further provides that K. Power, as the Employer and Contractor, shall comply with requests by the Plans for certain employment and payroll records.

15. The Plans' records indicate that K. Power was notified on November 14, 2018 that it had been selected by the Plan auditor for a payroll compliance audit to verify the accuracy and completeness of contributions made to the Plan. K. Power was requested to complete a form and submit it to the auditor so that the audit could be scheduled. After receiving no response from K. Power, a second notice was sent to K. Power on December 14, 2018. Again, K. Power did not respond to the notice. Plan counsel sent a correspondence to K. Power on January 18, 2019 explaining the legal obligations of the Plans to conduct payroll audits, and the legal obligations of K. Power to comply with the payroll audit, as well as consequences of both parties failing to conduct the audit. Moreover, a Plaintiff Trustee attempted to hand deliver the notices to K. Power, but could not locate the appropriate Employer representative. Defendant K. Power has employed employees on whose behalf contributions for health, welfare, and pension benefits are required by the applicable collective bargaining agreements. As a result, the Plans and their fiduciaries are required to verify the accuracy and completeness of those contributions.

16. Section 13.9 (Production of Records) of the CBA between K. Power and the Union provides:

> "Each Employer shall promptly furnish for inspection to the Trustees or their designee, on demand, all payroll records relating to all Employee (not only those Employees conceded by the Employer to be covered by a collective bargaining agreement requiring contributions to the Funds). The Payroll records required to be produced shall include, but not be limited to: (1) IRS Form 941; (2) Unemployment Compensation Tax Form UCT-6; (3) Payroll Journal,

5

disbursements journal, payroll subsidiary; (4) time and job record cards; (5) listing or schedule of subcontractor; and (6) all other payroll records."

17. CBA Section 13.10 (Contractor Records) requires that:

"Each Contractor shall promptly furnish to the Trustees, on demand, the names of all its Employees, social security numbers the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon request of the Trustees, promptly furnish information available to it in respect to an Employee's status."

18. CBA Section 13.11 (Cost of Auditing) provides:

"The cost of auditing shall be borne by the respective Trust Funds, unless the employer is found to be delinquent in contributions to one or more Funds at the time the audit was commenced, then the employer shall bear the cost of the audit**. If any Employer refuses to permit an examination audit, the Trustees may institute suite [sic] requiring an audit. In such event all costs incidental thereto, including attorney's fees and court costs, shall be paid by the Employer regardless of whether or not the Employer is found to be delinquent at the time the audit was commenced."**  [emphasis added]

19. In CBA Sections 13.1 and 13.2, K Power, as the Contractor, adopts the Agreement and Declaration of Trust of both the Welfare Plan and Pension Plan, and agrees to be bound by and fully comply with the terms and conditions of the Plans and Trusts as if referenced fully in the CBA.

20. Article VI, Section 10 of the Welfare Plan Trust and Pension Plan Trust requires Employers to permit the Plans to examine employment and payroll records when the examination is deemed necessary for proper administration of the Funds.

21. Under the terms of the CBA, the Plans' Plan Documents and ERISA Sections §502(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132, and

6

§ 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), K. Power is required to comply with a payroll audit.

22. K. Power has employed employees covered by the collective bargaining agreements and refuses to comply with the payroll compliance audit requested by the Welfare Plan and the Pension Plan as required by the collective bargaining agreement, the Trusts, and ERISA. The failure of K. Power to comply with the audit request constitutes violations of the collective bargaining agreement, the Declaration of Trusts, and ERISA.

### Count I: Violation of 29 U.S.C. §1132

23. At all relevant times herein, K. Power was a signatory to a collective bargaining agreement with the Union and was a contributing employer under the Plans. In said collective bargaining agreement, K. Power agreed, among other things, to make health and welfare contributions to the Welfare Plan and to make pension contributions to the Pension Plan. The CBA further provides that K. Power, as the Employer and Contractor, shall comply with requests by the Plans for certain employment and payroll records, including conducting an on-site payroll audit..

24. K. Power has refused to comply with requests from the Plans' representative to conduct a compliance payroll audit or submit documents as required by the collective bargaining agreement, the Trusts, and ERISA. The Plans' records indicate that K. Power received no less than three communications regarding the audit.

25. The Plaintiff Trustees, as fiduciaries under ERISA, have determined that contributing employer payroll compliance audits are necessary for the proper and efficient administration of the Plans, to ensure accuracy and completeness of employer contributions to

the Plans, and to ensure that the Plans' annual Form 5500 is not rejected by the Internal Revenue Service.

26. The Trustees of the Plans have requested that K. Power produce certain records and comply with the audit by scheduling a time for the Plans' auditor to conduct the on-site audit. By its refusal to respond, K. Power has refused to comply with the Plan's requests. The failure of K. Power to comply with the requested payroll audit referred to herein, constitutes violations of the collective bargaining agreements, the Declarations of Trust, and ERISA.

### Count II: Violation of 29 U.S.C. § 185(a)

27. During the period from November 2010 to the present, K. Power has been a signatory to a collective bargaining agreement. The current agreement has effective dates of October 1, 2018 through September 30, 2021 and requires Defendant K. Power to agree to and be bound by the Plans' Agreements and Declarations of Trust. The CBA also requires K. Power to produce certain employment and payroll documents as requested by the Plans and to submit to an audit of its payroll. The failure to do so shifts the costs of compelling cooperation with the audit and the audit itself to the Employer, K. Power.

28. By correspondence dated November 14, 2018, December 14, 2018, and January 18, 2019, the Plans requested that K. Power produce certain employment and payroll documents and comply with scheduling a payroll audit. K. Power has refused to respond to the production request and has failed to comply with the audit request.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this matter to be in

every way expedited, and upon hearing, to:

    a.    Order the Defendant K. Power to produce the requested payroll and employment records and submit to an audit of its payroll accounts as required by the Collective Bargaining Agreement, the Trusts, and ERISA;

    b.    Issue a declaratory judgment finding that Defendant K. Power is in violation of the Collective Bargaining Agreement, the Plans' Plan Documents, and ERISA;

    c.    Issue an injunction requiring Defendant K. Power to abide by the Collective Bargaining Agreement, and pursuant to the terms thereof, fulfill the monetary obligations to the Plans and Unions under the Collective Bargaining Agreement;

    e.    Order the Defendant to pay such reasonable attorney's fees and costs, including but not limited to the cost of an audit, as are incurred by the Plaintiffs in bringing this action; and,

    f.    Grant such additional and further relief as in equity the Court deems proper and just.

Submitted this 20th day of August, 2019.

                      BY:    /s/Thomas M. Loper
                                  Thomas M. Loper (LOPET8947)

                                  LOPER LAW LLC
                                  452 Government Street, Suite E
                                  Mobile, AL 36602
                                  Phone: (251) 288-8308
                                  tloper@loperlawllc.com

                                  /s/Kimberly Calametti Walker
                                  Kimberly Calametti Walker
                                  (CALAK4410)

                                                KIMBERLY C. WALKER, P.C.
14438 Scenic Highway 98
Fairhope, AL 36532
Phone: (251) 928-8461
kwalker@kcwlawfirm.com

Please serve Defendant personally through its registered agent for service of process at:

K. Power, Inc.
c/o Kimberly C. Dickerson
111 Kentwood Drive
Daphne, AL 36526

K. Power, Inc.
c/o Kimberly C. Dickerson
10956 Elysian Circle
Daphne, AL 36526